10-2834-ag
Ou v. Holder

BIA
Mulligan, IJ
A094-933-410

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 24ᵗʰ day of August, two thousand eleven.

PRESENT:
> RICHARD C. WESLEY,
> PETER W. HALL,
> DENNY CHIN,
> *Circuit Judges.*

_____

YU JI OU,
>    *Petitioner,*

>    v.                                    10-2834-ag
>                                          NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>    *Respondent.*

_____

FOR PETITIONER:     G. Victoria Calle, New York, New York.

FOR RESPONDENT:     Tony West, Assistant Attorney General; Blair T. O'Connor, Senior Litigation Counsel; Edward C. Durant, Attorney, Office of Immigration Litigation; Civil Division, U.S. Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Yu Ji Ou, a Chinese native and citizen, seeks review of a BIA order affirming an Immigration Judge decision that denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Yu Ji Ou*, No. A094 933 410 (B.I.A. June 18, 2010), *aff'g* No. A094 933 410 (Immig. Ct. N.Y. City Aug. 5, 2008). We assume the parties' familiarity with the underlying facts and procedural history. We have considered the IJ's and BIA's opinions "for the sake of completeness." *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008).

**I.   Credibility and Corroboration**

We review factual findings, including an adverse credibility determination, for substantial evidence. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Corovic v. Mukasey*, 519 F.3d 90, 95 (2d Cir. 2008). In this case, substantial evidence supports the IJ's adverse credibility determination. The IJ found that Ou was not credible based on: (1) his demeanor; (2) omissions from his father's letter and his asylum application that a doctor treated him

for injuries he suffered while in detention; and (3) his failure to submit reasonably available corroborating evidence, such as a letter from the doctor who treated him and testimony or an affidavit from the aunt with whom he was living in the United States.  The IJ reasonably relied on Ou's demeanor, *see* 8 U.S.C. § 1158(b)(1)(B)(iii), and we defer to the IJ's negative credibility assessment, *see Majidi v. Gonzales*, 430 F.3d 77, 80 n.1 (2d Cir. 2005).  The IJ also reasonably relied on the omission from Ou's asylum application and his father's letter of any reference that he received medical treatment in China.  *See* 8 U.S.C. § 1158(b)(1)(B)(iii)*; Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 166–67 (2d Cir. 2008).

Because Ou's credibility had already been called into question due to his demeanor and his omission regarding his medical treatment, the IJ reasonably required corroborating evidence.  *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007).  The IJ reasonably rejected Ou's explanations that he omitted his injuries from his asylum application because they "were not a big deal" and that he failed to provide the missing corroborating evidence because he did not think it necessary, particularly because he claimed that a doctor had treated him four to five times.  *See Majidi*, 430 F.3d at 80–81.

**II. The IJ's Denial of Ou's Request for a Continuance**

We review the BIA's order affirming the IJ's decision that denied Ou a continuance for abuse of discretion. *See Sanusi v. Gonzales,* 445 F.3d 193, 199 (2d Cir. 2006). IJs have "broad discretion" and "are accorded wide latitude in calendar management." *Morgan v. Gonzales*, 445 F.3d 549, 551 (2d Cir. 2006). Here, the IJ was not required to grant Ou a continuance so that he could obtain letters from his doctor and his aunt. He could have collected this evidence in anticipation of the hearing. *Chuilu Liu v. Holder*, 575 F.3d 193, 198 n.6 (2d Cir. 2009). Ou bore the responsibility of producing all evidence relevant to his case prior to his hearing date. *See* 8 U.S.C. § 1158(b)(1)(B)(i); 8 C.F.R. § 1208.13; *see Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 341 (2d Cir. 2006).

Because, based on the totality of the circumstances, Ou was not credible and did not produce corroborating evidence to rehabilitate his testimony, the IJ did not abuse his discretion by denying Ou's application for asylum. The IJ's adverse credibility finding is also fatal to Ou's application for withholding of removal and CAT relief because his claims were based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 157 (2d Cir. 2006).

4

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, Petitioner's motion for a stay of removal is DISMISSED as moot and his temporary stay of removal is VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk